# PATTON PAINT COMPANY *v.* ORR'S ZINC WHITE, LIMITED.

TRADEMARK; OPPOSITION; SIMILARITY; CONFUSION IN TRADE.

1. A trademark used on paints consisting of a seascape with a pictorial representation of the rising sun is not registrable over prior marks, also used on paints, each of which marks includes a conventional representation of the sun, and one of which contains the word "Sun-proof," and the other, streamers running from the representation of the sun, as the controlling feature in each of the marks is the picture of the sun.

2. In a trademark opposition, the test is as to whether a purchaser using ordinary care, and not having the opportunity of comparison or to study or reflect, would be apt to confuse the mark sought to be registered with that of the opposer.

3. In a trademark opposition, proof of actual confusion in trade, or damage to the opposer, is not necessary. It is enough if it fairly appears from the record that confusion or mistake in the mind of the public would be likely to result from the registration of the junior mark, and cause damage to the opposer.

No. 1174. Patent Appeals. Submitted November 13, 1918. Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents overruling an opposition to the registration of a trademark.                                    *Reversed.*

The facts are stated in the opinion.

*Mr. Watts T. Estabrook, Mr. Archibald Cox,* and *Mr. Clarence M. Brown* for the appellant.

*Mr. Charles L. Sturtevant* and *Mr. Eugene G. Mason* for the appellee.

Mr. Chief Justice Smyth delivered the opinion of the Court:

This is an appeal from a decision of the Patent Office overruling the opposition of the appellant, the Patton Paint Company, to the application of the appellee, Orr's Zinc White, Limited, for the registration to it of a trademark. The appellant has two registered marks which it applies to paints, enamels, and related material. Each includes a conventional representation of the sun. On one appears the words "Sun-Proof;" the other is devoid of words, but has streamers running from the representation of the sun. The first mark was registered in 1898, the second in 1915. Appellee's mark is also used on paints, and is described as a seascape with a pictorial representation of the rising sun. The sole contention in the proceeding is as to whether or not the use of the mark by both parties on the same class of goods would be likely to produce confusion in the public mind and damage to the opposer.

It must be clear, it seems to us, that the controlling feature in each of the marks is the picture of the sun. It is that which first attracts the eye. If a person was sent to purchase a paint with the representation of the sun on the container, he would be as likely to select the product of the one party as of the other. The statute says that where the junior mark would "be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers," it shall not be registered. In *Pillsbury* v. *Pillsbury-Washburn Flour Mills Co.* 12 C. C. A. 432, 24 U. S. App. 395, 64 Fed. 841, 847, it was held that "the purchaser is required only to use that care which persons ordinarily exercise under like circumstances. He is not bound to study or reflect; he acts upon the moment. * * * The imitation need only to be slight if it attaches to what is most

salient, for the usual inattention of a purchaser renders a good will precarious if exposed to imposition." Of course if the purchaser had an opportunity of comparing both marks, he would have no difficulty in discovering distinguishing features, but this is usually denied him. "He acts," as was said in the Pillsbury Case, "upon the moment." There is nothing in the statute [sec. 5, 33 Stat. at L. 725, chap. 592, Comp. Stat. 1916, sec. 9490] requiring proof of actual confusion or damage. It is enough if it fairly appears from the record, as it does here, that confusion or mistake in the mind of the public would "be likely" to result from the registration of the junior mark, and cause damage to the opposer. (*Battle Creek Sanitarium Co.* v. *Fuller,* 30 App. D. C. 411, 415.)

The decision of the Patent Office is reversed, the opposition sustained, and registration of the mark in controversy denied to the Orr's Zinc White, Limited.                    *Reversed.*